**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
GARY M. MCLAUGHLIN (SBN 217832)
VICTOR A. SALCEDO (SBN 317910)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Telephone:   310.229.1000
Facsimile:   310.229.1001
gknopp@akingump.com
gmclaughlin@akingump.com
vsalcedo@akingump.com

Attorneys for Defendants
Addus Healthcare, Inc. and
Addus HomeCare Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY MOORE, ALEXANDRIA ENCINIAS, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>ADDUS HEALTHCARE, INC., an unknown business entity; ADDUS HOMECARE, INC., an unknown business entity; and DOES 2 through 100, inclusive,<br><br>Defendants. | Case No. 3:19-CV-01519-JCS<br><br>[Assigned to Hon. Joseph C. Spero]<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date Action Filed: July 11, 2017<br>First Amended Complaint Filed: March 21, 2019<br>Date Removal Filed:   March 22, 2019 |

Defendants Addus Healthcare, Inc. ("Addus") and Addus HomeCare Corporation ("Addus HomeCare," and erroneously identified in the First Amended Complaint as "Addus HomeCare, Inc.") (collectively, "Defendants") hereby answer the First Amended Complaint ("FAC") filed by Plaintiffs Mary Moore ("Moore") and Alexandria Encinias ("Encinias") (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants generally and specifically deny each and every allegation of the FAC. Further, without waiving or excusing the burden of proof of Plaintiffs, or admitting that Defendants have any burden of proof, Defendants assert the following defenses:

## FIRST DEFENSE

(Failure to State a Cause of Action)

The FAC, and each purported cause of action contained therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

(Statute of Limitations)

The FAC, and each purported cause of action contained therein, is barred to the extent Plaintiffs seek relief for conduct occurring outside the applicable statute of limitations.

## THIRD DEFENSE

(Estoppel)

The FAC, and each purported cause of action contained therein, is barred to the extent the alleged actions of Defendants or their agents were a result of conduct by Plaintiffs for which they cannot equitably seek recovery against Defendants.

## FOURTH DEFENSE

(Good Faith)

Plaintiffs are barred from relief because Defendants and their agents acted in good faith at all times and had reasonable grounds to believe that no violation of any

applicable law, statute, and/or regulation occurred.

## FIFTH DEFENSE

(Waiver and Release)

The FAC, and each purported cause of action contained therein, is barred to the extent Plaintiffs and/or any putative class members have waived their right to recovery, and/or released their claims against Defendants, whether in whole or in part.

## SIXTH DEFENSE

(No Knowledge)

The FAC, and each purported cause of action contained therein, is barred because Defendants had no knowledge of any uncompensated work performed by Plaintiffs or putative class members.

## SEVENTH DEFENSE

(Collective Bargaining Agreement)

The FAC, and each purported cause of action contained therein, is barred to the extent Plaintiffs' claims are governed, superseded, and/or preempted by a collective bargaining agreement, or Labor Code section 514 and/or Section 301 of the Labor Management Relations Act.

## EIGHTH DEFENSE

(No Willfulness)

The FAC, and each purported cause of action contained therein, is barred because the alleged conduct of Defendants and their agents was not willful, knowing, or intentional.

## NINTH DEFENSE

(Standing)

Defendants are informed and believe, and on that basis allege, that Plaintiffs lack the requisite standing to assert each purported cause of action in the FAC, and/or lack standing to challenge any practices or circumstances that did not apply to them.

### TENTH DEFENSE

(*De Minimis* Doctrine)

The FAC, and each purported cause of action contained therein, is barred to the extent the *de minimis* doctrine applies to Plaintiffs' claims.

### ELEVENTH DEFENSE

(No Injury)

The FAC, and each purported cause of action contained therein, is barred to the extent it seeks damages or penalties for allegedly inaccurate wage statements, because Plaintiffs and the putative class members suffered no injury from the alleged failure to provide properly itemized wage statements.

### TWELFTH DEFENSE

(Injunctive Relief)

The FAC, and each purported cause of action contained therein, is barred to the extent it fails to allege facts sufficient to state a claim for injunctive relief.

### THIRTEENTH DEFENSE

(Exemption)

The FAC, and each purported cause of action contained therein, is barred to the extent Plaintiff and putative class members were exempt from any applicable overtime, meal and rest break, or other wage and hour laws or regulations.

### FOURTEENTH DEFENSE

(Waiver of Meal and/or Rest Breaks)

The FAC, and each purported cause of action contained therein, is barred to the extent Plaintiffs (or any member of the putative class) waived their right to take meal and/or rest breaks pursuant to the Labor Code and/or the applicable wage order.

### FIFTEENTH DEFENSE

(Meal and Rest Breaks Provided)

The FAC, and each purported cause of action contained therein, is barred because Defendants provided meal and rest breaks, as required by law.

### SIXTEENTH DEFENSE
(Laches)

The FAC, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of laches.

### SEVENTEENTH DEFENSE
(Unclean Hands)

The FAC, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

### EIGHTEENTH DEFENSE
(No Injury to Competition)

The FAC, and each purported cause of action contained therein, is barred because Plaintiffs cannot show an injury to competition, as distinguished from injury to themselves, which such injury Defendants deny.

### NINETEENTH DEFENSE
(No Employment Relationship)

The FAC, and each purported cause of action contained therein, is barred to the extent Defendants were not the employer of Plaintiffs or any putative class members, and they have no standing to assert claims against them.

### TWENTIETH AFFIRMATIVE DEFENSE
(Res Judicata/Collateral Estoppel)

Plaintiff Mary Moore's cause of action for alleged meal break violations, and/or cause of action for violation of Business & Professions Code §§ 17200, et seq. premised on alleged meal break violations, is barred by the doctrine of res judicata and/or collateral estoppel because it was previously adjudicated in a claim brought with the California Labor Commissioner.

### RESERVATION OF RIGHTS

Defendants reserve the right to add additional defenses as they become known during the course of this litigation.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by the FAC;

2. That the FAC be dismissed with prejudice;

3. For judgment in favor of Defendants;

4. For attorneys' fees and costs of suit herein; and

5. For such other and further relief as the Court may deem proper and just.

Dated: April 12, 2019

**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP
GARY M. MCLAUGHLIN
VICTOR A. SALCEDO

By  */s/ Gary M. McLaughlin*
Gary M/ McLaughlin
Attorneys for Defendants
Addus Healthcare, Inc. and
Addus HomeCare Corporation

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1999 Avenue of the Stars, Suite 600, Los Angeles, California 90067. On April 12, 2019, I served the foregoing document(s) described as: **DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated
by the Court's CM/ECF system under the referenced case
caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on April 12, 2019 at Los Angeles, California.

Carmen M. Ayala
[Print Name of Person Executing Proof]

[Signature]

3:19-CV-01519-JCS