UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MOORE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ADDUS HEALTHCARE, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-01519-HSG<br><br>**ORDER DISMISSING PLAINTIFF ENCINIAS FOR FAILURE TO PROSECUTE AND ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY**<br><br>Re: Dkt. Nos. 51, 52 |

    Pending before the Court is Plaintiffs' counsel's motion to withdraw as attorney for Plaintiff Encinias, Dkt. No. 51, and Defendant's motion to dismiss Plaintiff Encinias for failure to prosecute, Dkt. No. 52. For the reasons detailed below, the Court **GRANTS** both motions.

**I.    MOTION TO WITHDRAW AS ATTORNEY (DKT. NO. 51)**

    On July 11, 2017, Plaintiff Mary Moore filed this putative class action in Alameda Superior Court. *See* Dkt. No. 1 Ex. A. On March 21, 2019, an amended complaint was filed, which added Alexandria Encinias as a Plaintiff and Addus HomeCare, Inc. as a Defendant.[1] *See* Dkt. No. 1-1 Ex. N ("FAC").

    Plaintiffs' counsel, Tatiana G. Avakian of Marlin & Saltzman, LLP, first moved to withdraw as Plaintiff Encinias's attorney on September 23, 2019, citing Plaintiff Encinias's "fail[ure] to comply with her duties as a class representative and a break down in the attorney-client relationship." Dkt. No. 51 (citing Dkt. No. 48). Plaintiffs' counsel then withdrew the motion after Plaintiff Encinias contacted counsel and assured Plaintiff's counsel of her ability to continue prosecuting the action. Thereafter, however, Plaintiffs' counsel renewed her motion to

---

[1] Defendants represent that the operative complaint erroneously sues "Addus HomeCare, Inc." and that the correct entity is "Addus HomeCare Corporation." Dkt. No. 52 at 1.

withdraw as Plaintiff Encinias's attorney on October 29, 2019. *Id.* Counsel has made numerous attempts to contact Plaintiff Encinias over the course of the case. First, in order to address the written discovery requests, counsel unsuccessfully attempted to reach Plaintiff Encinias on July 1, 3, 16, and 19, 2019. Dkt. No. 51-1 at ¶ 3. In order to finalize discovery responses and confirm availability for a deposition, counsel again unsuccessfully attempted to reach Plaintiff Encinias on July 26, 29, 30, 31, 2019 and August 2, 2019. *Id.* at ¶ 4. Co-counsel Lawyers for Justice, PC also unsuccessfully attempted to reach Plaintiff Encinias on August 14 and 29, 2019. *Id.* at ¶ 5. Counsel even hired an investigator to produce additional contact information, yet the additional contacts still proved unsuccessful. *Id.* at ¶ 6. After a final attempt on September 16, 2019, counsel filed the initial motion to withdraw as counsel. *Id.* at ¶¶ 7–8. Thereafter, counsel again tried to contact Plaintiff Encinias on October 7, 8, 10, and 14, 2019. *Id.* at ¶ 13. Although counsel heard from Plaintiff Encinias on October 15, 2019, Plaintiff Encinias did not confirm attendance for the October 22 deposition and thereafter again failed to respond to counsel. *Id.* at ¶¶ 14–15. Counsel then renewed her motion to withdraw as counsel for Plaintiff Encinias arguing that Plaintiff Encinias's "failure to communicate . . . has created a conflict between Plaintiff[s'] Counsel's duty to Ms. Encinias and [the] duty to the remaining class representative, Mary Moore, as well as putative class members." *Id.* at ¶ 17. The Court set a hearing on this motion for January 9, 2019, and directed counsel to inform Plaintiff Encinias that she should appear at the hearing if she opposed counsel's motion to withdraw. Dkt. No. 60. Counsel confirmed at the hearing that she emailed Ms. Encinias this information. Because Plaintiff Encinias did not appear at the hearing, it is unclear to the Court whether she opposes the motion.

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

2

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds. *Id.* at Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

The Court finds that Civil Local Rule 11-5(a) is satisfied here. Plaintiff's counsel filed the instant motion over two months ago and gave Plaintiff Encinias advance notice of withdrawal weeks before by filing the previous withdrawal motion. *See* Dkt. No. 48. Based upon the discussion at the hearing, the Court is persuaded that Plaintiff's counsel filed the motion with a good faith belief that there is good cause for withdrawal. *See* CA ST RPC, Rule 3-700(C)(6). Accordingly, the Court finds in the exercise of its discretion that withdrawal is warranted. *See Gong v. City of Alameda*, No. C 03-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008). The Court **GRANTS** the motion to withdraw as counsel.

**II. MOTION TO DISMISS FOR FAILURE TO PROSECUTE (DKT. NO. 52)**

Federal Rule of Civil Procedure 41(b) provides that where a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that

dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise). Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.3d at 1260-61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court considers each factor in turn, and finds that they weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Plaintiff repeatedly failed to respond to counsel's communications over the course of four months, starting in July 2019 and continuing through at least January 9, 2020, when the hearing for both this motion and Plaintiffs' counsel's motion to withdraw took place. *See* Dkt. No. 51-1 at ¶¶ 3–15. Further, Plaintiff failed to appear at the hearing even after the Court's January 2, 2020 order to appear if she opposed Plaintiffs' counsel's motion to withdraw. *See* Dkt. No. 60. The Court is satisfied that Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff failed to attend the hearing on the motion to withdraw in person, as ordered by the Court on January 2, 2020, *see* Dkt. No. 60. Counsel represented to the Court that she communicated the Court's order directing Plaintiff Encinias to appear, but she has not received any response or communications from Plaintiff Encinias since October 15, 2019. Plaintiff Encinias's noncompliance and the resulting litigation (*e.g.*, the motions to withdraw and motion to dismiss) "ha[ve] consumed some of the court's time that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642.

4

This factor therefore weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). Defendant argues that Plaintiff Encinias's inaction has prejudiced its ability to conduct discovery and prepare their case. Dkt. No. 52. The Court agrees that Defendant has been prejudiced by an inability to properly conduct discovery. *See Jones v. Lehigh Sw. Cement Co.*, No. 1:12-CV-00633-AWI-JL, 2014 WL 346619, at *8 (E.D. Cal. Jan. 30, 2014) ("[T]he inability to obtain a plaintiff's deposition significantly impairs the [defendant's] ability to explore, defend, and challenge the claims against it.") (citation omitted); *Rau v. Mission Ranch Primary Care*, No. 2:13-CV-00371-KJM, 2014 WL 1490957, at *3 (E.D. Cal. Apr. 15, 2014) (finding prejudice where "defendants have been unable to move forward or to conduct any discovery in light of plaintiff's counsel's absenteeism.")). Additionally, Plaintiff Encinias has not provided any excuse to date—rather, she has been almost entirely absent, and failed to respond counsel's repeated attempts to respond to discovery requests and schedule a deposition. The Court thus finds prejudice to Defendant and this factor weighs in favor of dismissal.

Fourth, "[p]ublic policy favors disposition of cases on the merits." *See Pagtalunan*, 291 F.3d at 643. Plaintiffs' counsel represents that it anticipates "tak[ing] necessary steps to find a replacement class representative for Ms. Encinias (who held the position of direct care worker)." Dkt. No. 56 at 4 n.1; *see also* Dkt. No. 51-1 at ¶ 19. Because the plan is for class members to be represented by another direct care worker in this case, there will be no prejudice to the putative class members if Plaintiff Encinias is dismissed from the action. This factor then is neutral with regard to the putative class since there will still be a resolution on the merits, even if Plaintiff Encinias is dismissed. As to Ms. Encinias's individual claim, this factor weighs against dismissal.

Finally, the Court must consider less drastic measures. Here, Defendant and Plaintiffs' counsel agree that dismissal is the appropriate remedy for Plaintiff Encinias. Given Plaintiff

5

Encinias's lack of participation at this stage, the Court agrees that dismissal is appropriate. Specifically, as noted previously, the Court ordered Plaintiff Encinias to appear at the hearing on the motion to withdraw, in order to provide her an opportunity to be heard and, if necessary, facilitate a change in the case schedule to accommodate a substitution of counsel. *See* Dkt. No. 60. She failed to appear. The Court has no way of verifying whether Plaintiff Encinias intends to continue prosecuting this case, as there has been no communication from her either to her counsel or the Court in over two months. The question remains whether dismissal with or without prejudice is the appropriate remedy. Defendant argues that dismissal with prejudice is appropriate here, while Plaintiff's Counsel argues that dismissal without prejudice is appropriate to allow Plaintiff Encinias to remain an absent putative class member should the case be certified. *See* Dkt. No. 52 at 6 *with* Dkt. No. 56 at 3–6. The Court finds that dismissal without prejudice is the less drastic alternative, and the appropriate sanction given the facts of the case. As previously noted, Plaintiff Moore remains a class representative in this action, and Plaintiffs' counsel seeks to replace Plaintiff Encinias with another class representative to move this case forward as planned. Although the Court recognizes that Plaintiff Encinias's inaction has caused delay, Defendant's general investment of resources in this litigation will not be rendered futile by dismissal of Plaintiff Encinias without prejudice, given the continuation of the litigation. Furthermore, allowing Plaintiff Encinias to become an absent class member should the class be certified would not be prejudicial to Defendant.

Because the majority of the factors weigh in favor of dismissal, the Court finds that dismissal without prejudice of Plaintiff Encinias for failure to prosecute is appropriate.[2]

//
//
//
//

---

[2] Because Plaintiff Encinias alone brought the first through ninth causes of action in the Amended Complaint, the Court dismisses without prejudice those causes of action. Once Plaintiffs' counsel has found a proper replacement, she may file a motion for leave to amend the pleadings.

6

### III. CONCLUSION

The Court **GRANTS** Plaintiff counsel's motion to withdraw as attorney. *See* Dkt. No. 51. Further, the Court **GRANTS** Defendant's motion to dismiss Plaintiff Encinias from this action **WITHOUT PREJUDICE** for failure to prosecute under Rule 41(b). *See* Dkt. No. 52. Plaintiff Encinias's former counsel is directed to forward this order to her.

**IT IS SO ORDERED.**

Dated: 1/10/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge