1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    MARY MOORE,                              Case No.  19-cv-01519-HSG

8                    Plaintiff,              **ORDER DENYING ADMINISTRATIVE**
                                             **MOTION TO SEAL**
9           v.
                                             Re: Dkt. No. 73
10   ADDUS HEALTHCARE, INC., et al.,

11                   Defendants.

12

13          Pending before the Court is Plaintiff's administrative motion to file documents under seal.

14   Dkt. No. 73 ("Mot.").  For the reasons set forth below, the Court **DENIES** Plaintiff's

15   administrative motion.

16   **I.     LEGAL STANDARD**

17          Courts generally apply a "compelling reasons" standard when considering motions to seal

18   documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*

19   *v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the

20   common law right 'to inspect and copy public records and documents, including judicial records

21   and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of

22   access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this

23   strong presumption, the party seeking to seal a judicial record attached to a dispositive motion

24   must "articulate compelling reasons supported by specific factual findings that outweigh the

25   general history of access and the public policies favoring disclosure, such as the public interest in

26   understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations

27   omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in

28   disclosure and justify sealing court records exist when such 'court files might have become a

United States District Court
Northern District of California

1    vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

2    scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*

3    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records

4    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

5    without more, compel the court to seal its records." *Id.*

6           The Court must "balance[] the competing interests of the public and the party who seeks to

7    keep certain judicial records secret. After considering these interests, if the court decides to seal

8    certain judicial records, it must base its decision on a compelling reason and articulate the factual

9    basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5

10   supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a

11   document or portions of it under seal must "establish[] that the document, or portions thereof, are

12   privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The

13   request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

14          Records attached to nondispositive motions must meet the lower "good cause" standard of

15   Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

16   tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80

17   (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm

18   will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

19   307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of

20   harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*

21   *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

22   **II.    DISCUSSION**

23          Plaintiff filed an administrative motion to file under seal various exhibits to the Declaration

24   of Tatiana G. Avakian in Support of Plaintiff's Motion for Class Certification, as well as portions

25   of her briefing that reference these exhibits. *See generally* Mot. (seeking to seal the entirety of

26   Exs. 3–7 and 9–11, including Defendants' various employee handbooks, policies, and forms).

27   Because the motion for class certification is more than tangentially related to the underlying

28   action, the Court applies the "compelling reasons" standard in evaluating the motions to seal. The

2

United States District Court
Northern District of California

main proffered justification for sealing is that the information was designated as "Confidential" by Defendant.[1]  *Id.*  But a designation of confidentiality is not sufficient to establish that a document is sealable.  *See* Civ. L. R. 79-5(d)(1)(A).  "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order.  *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)).  Thus, Plaintiff's motion does not comply with Civil Local Rule 79-5(d)(1)(A).  In addition, as the designating party for the materials, Defendants did not comply with Civil Local Rule 79-5(e)(1), because it did not file a declaration within four days of Plaintiff's motion.  *See* Civ. L.R. 79-5(e)(1).

Accordingly, the Court **DENIES** Plaintiff's administrative motion to seal.

## III.  CONCLUSION

The Court **DENIES** Plaintiff's administrative motion to file under seal, and **DIRECTS** Plaintiff to file public versions of all documents for which the proposed sealing has been denied within seven days of this order.

**IT IS SO ORDERED.**

Dated:  3/17/2021

*Haywood S. Gilliam Jr.*

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Plaintiff elsewhere explains that she seeks to seal the exhibits in their entirety because "they involve internal company records and/or proprietary company information."  Mot. at 2.  Though Plaintiff makes conclusory references to potentially "proprietary" information, her stated justifications rely on the fact that the materials were designated as "Confidential" and "reference information specific to Defendants' internal company records."  *See id.* at 3–4.  Having reviewed the exhibits, the Court notes that much of the material details basic business practice information. Accordingly, to the extent that Plaintiff did intend to seal materials on the basis that they contain proprietary business information, the Court finds that the request to seal these exhibits in their entirety does not comply with Civil Local Rule 79-5(b), which requires that the "request must be narrowly tailored to seek sealing only of sealable material."